UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RANDY RICHARD AND KATIE RICHARD | CIVIL ACTION NO. 2:22-cv-1268 |
| | SECTION: T-1 |
| VERSUS | |
| | JUDGE GREG G. GUIDRY |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | MAGISTRATE JANIS VAN MEERVELD |

**ORDER**

The Court previously ordered that this case be stayed and administratively closed due to the insolvency of the original defendant, United Property and Casualty Insurance Company (UPCIC). R. Doc. 35. The Court provided in that order that any party might move to reopen the case after August 28, 2023. *Id.* On that date, Plaintiffs Randy and Katie Richard filed a Motion for Leave to File Supplemental Complaint, seeking to add the Louisiana Insurance Guaranty Association (LIGA) as a defendant in this action. R. Doc. 36. Plaintiffs assert that LIGA is responsible for the continued adjustment and payment of their Hurricane Ida property damage claim pursuant to La. R.S. § 22:2058(A). *Id.*

Plaintiffs are correct that LIGA became the statutory obligor for their policy issued by UPCIC upon the determination of UPCIC's insolvency. *See* La. R.S. § 22:2058(A). Additionally, LIGA does not oppose Plaintiffs' motion for leave to add LIGA as a defendant in this matter. *See* R. Doc. 36-1 at 2. Accordingly;

**IT IS ORDERED** that stay of this matter be **LIFTED** and the case **REOPENED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Supplemental Complaint, R. Doc. 36, is **GRANTED**, and LIGA is hereby added as a defendant to this action.

With the addition of LIGA, the Court must reexamine the basis for its subject matter jurisdiction over this dispute. This Court ordered Plaintiffs to submit supplemental briefing to address whether the addition of LIGA as a defendant destroys the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). R. Doc. 37. In their supplemental memorandum, Plaintiffs, who are themselves Louisiana citizens, assert that the addition of LIGA as a defendant in this action does indeed divest this Court of diversity jurisdiction. R. Doc. 38.  The Court agrees. As the Fifth Circuit has held, "LIGA has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. Louisiana Insurance Guaranty Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185 (1990)). There is no dispute that LIGA has member insurers who are citizens of Louisiana. Therefore, having granted Plaintiffs leave to amend their complaint to add LIGA as a defendant, complete diversity no longer exists between the parties, and the Court may no longer assert diversity jurisdiction over this action.

The parties identify no other basis for the Court to continue asserting subject matter jurisdiction over this action, and the Court has found none. Thus, having determined that it now lacks subject matter jurisdiction, the Court must remand this action back to state court. *See* Fed. R. Civ. P. 12(h)(3). Accordingly;

**IT IS ORDERED** that this case is hereby **REMANDED** back to the 17th Judicial District Court, Lafourche Parish, Louisiana.

New Orleans, Louisiana, this 8th day of September, 2023.

_____
United States District Judge